IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21512-CIV-ALTONAGA/Damian

LIDIA NOEMI ZALAZAR,

 Plaintiff,
v.

CAPITAL FORCE, LLC, *et al.*,

 Defendants.
_____/

## THIRD-PARTY DEFENDANTS' MOTION TO DISQUALIFY THE DUANE MORRIS LAW FIRM AS DEFENDANT/THIRD-PARTY PLAINTIFF'S COUNSEL IN THIS LAWSUIT

Third-Party Defendants', Alberto San Miguel and Marcelo Malvicino (hereinafter referred to as " Third-Party Defendants"), move for entry of an order disqualifying The Duane Morris Law Firm as Defendant/Third-Party Plaintiff's counsel.  In the current action, The Duane Morris Law Firm, specifically Philip M. Hudson, III, Esq. and Morgan Lowery Swing, Esq., represent Defendants/Third-Party Plaintiffs Matias Costantini, Juan Cruz Talia Brown, and Jonathan Culley (hereinafter referred to as "Third-Party Plaintiffs").  As detailed below, The Duane Morris Law Firm, specifically, Phillip M. Hudson III, Esq. and Morgan Lowery Swing, Esq., were selected by Third-Party Defendants to represent their interest in a Previous Action (defined below). The Previous Action gave Mr. Hudson, Ms. Swing, and The Duane Morris Law Firm access to information from Third-Party Defendants that are substantially related and can be use adversely against Third-Party Defendants in the instant lawsuit.

1

Therefore, Mr. Hudson and Ms. Swing are disqualified as counsel for Third-Party Plaintiffs due to a conflict of interest with a former client, and The Duane Morris Law Firm likewise should be disqualified for an imputed conflict of interest under well-established Florida law and the Rules Regulating the Florida Bar.

## BACKGROUND

1. On or about October 6, 2020, an action was filed against Vehicle Solutions CF LLC in the Civil Court of Miami-Dade County, Florida, bearing Case Number: 2020-021534-CA-01 (the "Previous Action").

2. Third-Party Defendants hold an interest or are interested parties in Vehicle Solutions CF LLC.

3. Third-Party Defendants approved and retained Mr. Hudson, Ms. Swing, and the Law Firm of Duane Morris to represent Third-Party Defendants' interest in the Previous Action. ***Electronic Communications reflecting the approval are attached hereto as Exhibit "A".***

4. The Previous Action reflects as an open matter on the Miami-Dade County Civil Docket.

5. The docket reflects Ms. Swing and The Duane Morris Law Firm as the attorney and law firm representing Vehicle Solutions CF LLC, and in effect, Third-Party Defendants' interest.

6. Third-Party Defendants are a central piece to the defense and disclosed substantial confidential information regarding their experience in the industry, role in the various entities related with Vehicle Solutions CF, monies used to pay for assets, among other information provided to Mr. Hudson, Ms. Swing, and the Duane Morris Law Firm.

7. Both Mr. Hudson and Ms. Swing have conferred with Third-Party Defendants about strategic decisions, discovery preparation, and deposition preparation. To that end, Ms. Swing has

personally coordinated with Third-Party Defendants regarding deposition availability and preparation. *Electronic Communications between Third-Party Defendants and Ms. Swing are attached hereto as Exhibit "B".*

8. In fact, during a deposition for the Previous Action, held on January 26, 2022, Mr. Hudson introduced himself on the record as representative of Third-Party Defendant, Alberto San Miguel, stating in relevant part: "Phillip Hudson of Duane Morris on behalf of Vehicle Solutions CF LLC, the Defendant, and I'm also acting as counsel individually for Mr. San Miguel this morning." *The relevant portion of the deposition testimony is attached hereto as Exhibit "C".*

9. Both Mr. Hudson and Ms. Swing drafted and continue to draft evidentiary motions and have full access to Third-Party Defendants' files during the entire time they are handling the Previous Action.

10. On or about April 21, 2023, Lidia Noemi Zalazar filed the instant action against multiple Defendants, including Third-Party Plaintiffs.

11. On or about May 10, 2023, Third-Party Plaintiffs retained the Law Firm of Duane Morris, specifically, Phillip M. Hudson III, Esq. and Morgan Lowery Swing, Esq.

12. On or about July 24, 2023, Third-Party Plaintiffs filed a Third-Party Complaint against Third-Party Defendants.

13. On or about August 1, 2023, Third-Party Defendants were served with the Third-Party Complaint.

14. A Notice of Appearance was filed on behalf of Third-Party Defendant, Alberto San Miguel on September 7, 2023.

15. An Amended Notice of Appearance was filed on behalf of Third-Party Defendants, Alberto San Miguel and Marcelo Malvicino on or about October 3, 2023.

16.     The actions of Mr. Hudson, Ms. Swing, and the Duane Morris Law Firm warrant a disqualification as counsel due to a conflict of interest with a former client under Florida Law and the Rules Regulating the Florida Bar.

## **MEMORADUM OF LAW**

I.    *Standard for Disqualification of Attorney and Burden of Proof*

To disqualify an individual attorney, "[t]he law does not require a long or complicated attorney-client relationship to fulfill the requirements for disqualifications." *See McPartland v. IDI Inv. Servs., Inc.,* 890 F. Supp. 1029, 1031 (M.D. Fla. 1995)). It is obvious here that Mr. Hudson and Ms. Swing acquired and were privy to extensive substantive information about Third-Party Defendants' confidential business and personal motives regarding the Previous Action. When claiming disqualification due to attorney-client privilege, the moving party must first show that there was an attorney-client relationship; if this fact is established, and **irrefutable presumptions** arise that the confidences were disclosed to the attorney during the course of that relationship (emphasis added). *Russakoff v. State of Florida, Department of Insurance, as Receiver for Sunrise Health Care Plan, Inc.,* 724 So. 2d 582, 583 (Fla 1st DCA 1988). Moreover, if the moving party shows that the current subject matter is the same, or substantially related to, the matter in which the lawyer represented the former client, the lawyer should be disqualified. *Zarco Supply Co. v. Bonnell*, 658 So. 2d 151 (Fla. 1st DCA 1995). As set forth more fully above, Mr. Hudson and Ms. Swing held themselves out as counsel for Third-Party Defendants in the Previous action. Third-Party Defendants disclosed substantial confidential information regarding their experience in the industry, role in the various entities related with Vehicle Solutions CF, monies used to pay for assets, among other information to Mr. Hudson and Ms. Swing representing information substantially related to the instant action.

Additionally, Rule 4-1.7, Florida Rules of Professional Conduct, prohibits a lawyer from representing one client when that representation will be directly adverse to another client; or there is a substantial risk that the representation of one or more clients will be material limited by the lawyers responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. There is no dispute that Third-Party Defendant was at the very least a former client of Mr. Hudson and Ms. Swing. Moreover, it is clear that, Mr. Hudson and Ms. Swing's continued representation of Third-Party Plaintiffs are directly adverse to Third-Party Defendant. Accordingly, Mr. Hudson and Ms. Swing, must be disqualified from representing Third-Party Plaintiffs in the instant action.

II.     <u>Standard for Disqualification of Law Firm and Burden of Proof</u>

As the Florida Supreme Court has ruled, "a lawyer's ethical obligations to former clients generally require disqualification of the lawyer's entire firm where any potential conflict arises." *See Castro v. State*, 597 So. 2d 259, 260 (Fla. 1992).  The Duane Morris Law Firm's representation of Third-Party Plaintiff is prohibited because it is tainted by Mr. Hudson and Ms. Swing's conflict of interest and knowledge of Third-Party Defendants' confidences.

It follows that Mr. Hudson and Ms. Swing's conflict of interest pursuant to Rule 4-1.9 is imputed to the Duane Morris Law Firm pursuant to Rule 4-1.10 of the Rules Regulating the Florida Bar, providing

> **(b) Former Clients of Newly Associated Lawyer.**
>
> When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a **substantially related** matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and

      about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter.

A federal court applying the Code of Professional Conduct, too, opined that, "[t]o be 'substantially related,' the [ ] suits 'need only be akin to the present action in a way reasonable persons would understand as important to the issues involved.'" *See Rentclub Inc. v. Transamerica Rental Finance Corp.*, 811 F. Supp. 651, 655 (M.D. Fla. 1992). The definition of "substantially related" is easily met here. Third-Party Defendants disclosed confidential information regarding experience in the industry, role in the various entities related with Vehicle Solutions CF, monies used to pay for assets, among other information to Mr. Hudson, Ms. Swing, and the Duane Morris Law Firm. Disqualification of Mr. Hudson, Ms. Swing, and the Duane Morris Law Firm is warranted in this circumstance.

    III.    *Third-Party Defendant has a right to seek disqualification by timely asserting their rights.*

Third-Party Defendants have a right to seek disqualification of the law firm of Duane Morris. A motion to disqualify should be made with **reasonable promptness** after the party discovers the facts which lead to the motion (emphasis added). *Zayas-Bazan v. Marcelin*, 40 So. 3d 870 (Fla. 3d DCA 2010), citing *Case v. City of Miami*, 756 So. 2d 259, 260-61 (Fla. 3d DCA 2000). After learning of the facts supporting a motion to disqualify counsel, a party may not unduly delay the filing of such motion. *Lackow v. Walter E. Heller & Co. SE., Inc.* 466 So. 2d 1120, 1122 (Fla. 3d DCA 1985). A party may only waive his right to seek disqualification of the opposing party's counsel by failing to promptly move for disqualification upon learning of the facts leading to the alleged conflict. *Zayas-Bazan*, 40 So. 3d 870 (Fla. 3d DCA 2010). *See Transmark*, 631 So. 2d at 1116 (finding a 10-month delay sufficient to waive right to move for disqualification). The rationale behind this rule is to all

disqualification only if it is raised promptly by the party affected, so as to not burden the instant action and the party represented by the conflicting counsel.

Third-Party Defendants were retained by counsel less than 90 days prior to the filing of this Motion. As specified above, a clear conflict of interest existed between Third-Party Defendants, Mr. Hudson, Ms. Swing, and the Law Firm of Duane Morris. Third-Party Defendants are well within their rights to raise such conflict of interest violation and have brought this Motion before this Court promptly upon discovering the facts contributing to the conflict of interest.

## CONCLUSION

For at least the foregoing reasons, the relationship between the subject matters, issues, and the confidential information disclosed of both this lawsuit and the litigation in which Mr. Hudson and Ms. Swing continue to defend Third-Party Defendants is substantially related such that Mr. Hudson, Ms. Swing, and The Duane Morris Law Firm should be disqualified as Third-Party Plaintiff's counsel under Rule 4-1.10 of the Rules Regulating the Florida Bar. *Contant v. Kawasaki Motors Corp.*, *USA*, 826 F. Supp. At 430 ("disqualification … is required as a matter of justice.").

**WHEREFORE**, Third-Party Defendants, Alberto San-Miguel and Marcelo Malvicino move for entry of an order disqualifying The Duane Morris Law Firm, Phillip M. Hudson, III, Esq. and Morgan Lowery Swing, Esq. from representing Third-Party Plaintiffs in this matter, and granting such other relief deemed necessary and just.

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that on November 27th, 2023, counsel for the movant has conferred with counsel for Third-Party Plaintiffs and all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

BY:  /s/ Carlos F. Rodriguez
CARLOS F. RODRIGUEZ ESQUIRE
Florida Bar No. 97655
*Counsel for Third-Party Defendants
Alberto San Miguel and Marcelo Malvicino*
ERRA LAW
2601 S. Bayshore Dr.
18th Floor
Coconut Grove, Florida 33133
Telephone: (305) 444-5969
Primary: CR@erralaw.com
Secondary: service@erralaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record, and by regular mail to the parties listed in the Service List for manual service on this 27th day of November 2023.

## SERVICE LIST

Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

Safa Nawaz Chowdhury sc@gvazquez.com

Steven B. Herzberg sh@gvazquez.com, sc@gvazquez.com, rl@gvazquez.com

Phillip M. Hudson , III  phil.hudson@saul.com, mlswing@duanemorris.com, gagosto@duanemorris.com, pmhudson@duanemorris.com, jfgarcia@duanemorris.com, mbates@duanemorris.com

Ralph Robert Longo , IV rl@gvazquez.com

Morgan Lowery Swing  mlswing@duanemorris.com, gagosto@duanemorris.com, AutoDocketMIA@duanemorris.com, pmhudson@duanemorris.com

Gerardo Alvaro Vazquez  la@gvazquez.com, info@gvazquez.com, gv@gvazquez.com, yo@gvazquez.com

Manual Notice List

Capital Force F1 LLC
Harvard Business Service, Inc.
16192 Coastal Hwy
Lewes, DE 19958

Capital Force LLC

Harvard Business Services, Inc.
16192 Coastal Hwy
Lewes, DE 19958

Marcelo Malvicino
9473 NW 49 Doral LN
Doral, FL 33178

Vehicle Solutions Corporation
c/o Jessica Malvicino
104 Crandon Blvd., Suite 100
Key Biscayne, FL 33149